FILED

JUN - 5 2008

Jun 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| United States of America ex rel.<br>Yarmo Green,<br>Register No. B-71883<br><br>    PETITIONER,<br>-vs-<br><br>Andy Ott,<br>Warden, Graham Correctional Center<br><br>    RESPONDENT. | 08CV3250<br>JUDGE ASPEN<br>MAGISTRATE JUDGE COLE<br><br>)<br>)  (Case number of state court conviction:<br>)  No. 95 CR 1762)<br>)<br>) |

**MOTION FOR AN EXTENSION OF TIME, 120 DAYS,
TO ALLOW PETITIONER TO SECURE COUNSEL AND FILE A
MEMORANDUM OF LAW IN SUPPORT OF HIS PETITION FOR WRIT
OF HABEAS CORPUS, OR, IN THE ALTERNATIVE,
MOTION TO STAY AND ABEY HIS HABEAS CORPUS PETITION.**

Now comes *pro-se* Petitioner, Yarmo Green, and moves that this Court grant him an additional 120 days to secure counsel and file a memorandum of law in support of his Petition for Writ of Habeas Corpus filed today. In the alternative, Petitioner requests that this Court stay and abey his Petition for Writ of Habeas Corpus because he will soon be filing a post conviction petition and/or a 735 ILCS 5/2-1401 petition in state court due to recent newly discovered evidence that a witness committed perjury at Petitioner's trial, was forced to commit said perjury by the State and police, and has now come forward and recanted her testimony. Petitioner filed his habeas corpus petition on this day to ensure that it was deemed to have been "properly filed" for purposes of tolling the one-year period following direct appeal within which his habeas corpus petition must be filed. See 28 U.S.C. 2244(d)(1)(A), (2). *See Pace v. DiGuglielmo*, 544

U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669, 678 (2005).

In support of this motion, petitioner states as follows:

1. Petitioner was convicted of attempted first degree murder of Alfonso Briseno and aggravated battery of Tito Lopez on September 12, 1995. On December 1, 1995, the court sentenced Petitioner to an extended term of forty (40) years imprisonment, finding that his actions were exceptionally brutal and heinous.

2. Petitioner appealed his conviction and sentence but both were affirmed. After his direct appeal was denied, and before his petition for leave to appeal was denied, Petitioner filed a *pro-se* post-conviction petition. His post-conviction petition proceeded to the second stage where a hearing on the State's motion to dismiss was held, and the court granted the motion. Petitioner filed a timely appeal of the dismissal of his post-conviction petition, which was denied. Next, the petition for rehearing was denied, and finally on May 31, 2007, a petition for leave to appeal to the Illinois Supreme Court was also denied.

3. Because Petitioner filed his post-conviction petition before his petition for leave to appeal on direct review was denied, he did not use up any time for the statute of limitations in filing a federal habeas petition; thus Petitioner's petition for writ of habeas corpus should be due May 31, 2008. *United States v. Marcello*, 212 F.3d 1005 (7th Cir. 2000).

4. Petitioner has recently discovered new evidence and will soon be filing, or have an attorney file on his behalf, a successive post-conviction petition and/or a 735 ILCS 5/2-1401 petition in a State of Illinois circuit court. The newly discovered evidence concerns false testimony that was given at Petitioner's trial. This newly discovered evidence proves his

-2-

innocence of attempted first degree murder of Alfonso Briseno, or at least proves that the State committed misconduct and allowed false testimony to be used against him in order to get a conviction. The only witness at Petitioner's trial to testify that she actually witnessed Petitioner hit Alfonso in the head has now recanted her testimony and explained that she was coerced to testify as she did by the State and police. Her sworn affidavit is attached hereto as Exhibit #1.

5. Petitioner is unclear if filing a successive post-conviction petition or 735 ILCS 5/2-1401 petition raising issues based on this newly discovered evidence will toll the time for filing his habeas petition. Thus, to protect Petitioner's right to seek a petition for writ of habeas corpus, Petitioner is filing a "protective" *pro-se* habeas on this day. In *Pace v. DiGuglielmo*, the United States Supreme Court held that a habeas corpus petitioner who, like Petitioner in this case, is "reasonably confused" about the due date of his federal habeas corpus petition because of the uncertain status of a state post-conviction petition may file a "protective" federal habeas petition, with a motion asking the District Court to stay and abey the habeas petition until the matter is resolved in state court. 161 L.Ed.2d at 678.

6. Pursuant to *Pace*, Petitioner is this date filing such a "protective" habeas corpus petition, raising three claims: (1) Prosecutorial misconduct in: (a) coercing the main witness to falsely testify that she witnessed Petitioner hit the victim, without which testimony Petitioner may have been found innocent of the attempted murder charge against him; and (b) allowing another witness to falsely testify regarding the extent and cause of the victim's injuries, knowing that the testimony was false; (2) Petitioner was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments as a result of counsel's failure to adequately

investigate the case or read discovery materials that would have either exonerated Petitioner entirely or would have demonstrated that Petitioner's behavior was not brutal or heinous and indicative of wanton cruelty, and because his counsel was addicted to crack cocaine and marijuana and was mentally unstable at the time of his representation of Petitioner; and, (3) the trial judge violated the Sixth and Fourteenth Amendments in imposing the extended term based on his finding of exceptionally brutal or heinous behavior indicative of wanton cruelty.

7. As *pro-se* Petitioner is not a lawyer nor well-versed in habeas law, Petitioner is unclear whether claim A(1) raised in his attached habeas petition is considered procedurally defaulted for not having been raised previously, or if it is considered to be an "unexhausted" claim. If the claim is procedurally defaulted, Petitioner believes that he can demonstrate cause for the default and actual prejudice as a result of alleged violation of federal law, since claim A(1) involves recanted testimony that he could not have obtained earlier, nor could he have raised the claim earlier without it. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Moreover, Petitioner should be excused from any default because this Court's "failure to consider the claims will result in a fundamental miscarriage of justice" since this newly discovered evidence proves his actual innocence. *See Coleman*, 501 U.S. at 750; *Herrara v. Collins*, 506 U.S. 390, 404 (1993). Thus, Petitioner believes his claims are properly raised in his habeas petition and requests 120 days to secure counsel to file memorandum of law in support of his habeas corpus petition filed today, and/or an amended petition for writ of habeas corpus, if deemed necessary.

8. Petitioner has contacted several attorneys regarding their ability to represent him *pro bono* on his habeas corpus petition. Although some attorneys have expressed interest in the

-4-

possibility of representing Petitioner, due to the time constraint of May 31, 2008, being the date on which the petition is probably due, one has not yet agreed to do so. Petitioner is seeking a 120 day extension of time to allow him to secure counsel, who will then file a memorandum of law in support of his habeas corpus petition filed today, and/or an amended petition for writ of habeas corpus, if deemed necessary. If, after the 120 extension, Petitioner has not been able to secure counsel, Petitioner requests one be appointed. Petitioner believes counsel is necessary for his case as the issues are factually and legally complicated and more investigation may be necessary, which would be impossible for Petitioner to complete as he is incarcerated.

9. However, if this Court finds claim A(1) has not been exhausted in State court, the petition should be stayed and held in abeyance is because this Court is not permitted to adjudicate mixed petitions, i.e., petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Petitioner's state post-conviction petition or 735 ILCS 5/2-1401 petition will allege claim A(1) raised in his habeas corpus petition, as he was unable to previously raise the issue because the witness has only recently come forward and recanted her trial testimony. A stay is required in order to adjudicate the issue first in state court, after which state remedies will have been exhausted and, assuming the state courts deny relief, this Court will be able to resolve the federal habeas claim. 28 U.S.C. 2254(b)(1)(A), (b)(1)(B)(I), (c); *Perruquet v. Briley*, 390 F.3d 505, 513-14 (7th Cir. 2004).

10. In cases like this one, where the time deadline for filing a federal habeas corpus petition would expire prior to the completion of the process of exhausting state remedies, the United States Supreme Court has explicitly held that Federal District Courts have discretion to

permit the filing of a protective petition and use a "stay and abeyance" procedure upon a showing of "good cause." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Moreover, in *Pace v. DiGuglielmo*, the Supreme Court explicitly held that a petitioner's reasonable confusion about whether his state post-conviction petition was timely will ordinarily constitute good cause permitting the filing of such a protective petition. *Pace*, 161 L.Ed.2d at 678. That is precisely the case here. Furthermore, Petitioner's claim of prosecutorial misconduct in allowing perjured testimony to be presented against him is not plainly meritless. *See Rhines*, 161 L.Ed.2d at 451; *see also Rose v. Lundy*, 71 L.Ed.2d at 388 ("... federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review"). In addition, Petitioner certainly has not engaged in intentionally dilatory litigation. *See Rhines*, 161 L.Ed.2d at 452. Thus, stay and abeyance of the federal habeas corpus petition filed this date is appropriate under both *Pace v. DiGuglielmo* and *Rhines v. Weber*.

WHEREFORE, for the foregoing reasons, Yarmo Green, Petitioner, hereby requests that his habeas corpus petition be stayed for 120 days while Petitioner secures counsel to represent him and file a memorandum of law in support of his habeas corpus petition, or, in the alternative, that his habeas corpus petition be stayed and held in abeyance of the State action.

Respectfully submitted,

*Yarmo Green*
Yarmo Green
Register No. B-71883