# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3250 | **DATE** | June 9, 2008 |
| **CASE TITLE** | U.S. ex rel. Yarmo Green (#B-71883) vs. Warden Andy Ott | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#4] is granted. The petitioner's motion to stay [#5] is granted. The respondent need not answer or plead at this time; the State need only enter an appearance. This case is set for status on October 9, 2008, at 10:30 a.m..

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Yarmo Green, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for attempted first degree murder and aggravated battery on the grounds that: (1) the attempted murder conviction was obtained through the knowing use of false testimony on the part of two of the State's witnesses; (2) petitioner's defense counsel was ineffective; (3) the basis for the petitioner's extended-term sentence (that the crime was "brutal and heinous") was both based upon perjured testimony and neither pled nor proven beyond a reasonable doubt.

The petitioner having demonstrated that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although the petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

The petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition (with the exception of the newly discovered perjury claim, based on a witness' recent recantation). Furthermore, the petitioner appears to have filed his petition in a timely manner. This preliminary finding does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

However, the respondent need not answer the petition or otherwise plead at this time. The petitioner seeks a stay of his case for 120 days while he attempts to retain counsel and presents the witness recantation issue to **(CONTINUED)**

mjm

**STATEMENT (continued)**

the state courts. (The petitioner filed suit now, in order to meet AEDPA's one-year limitation period, so that he is not precluded from seeking federal review once the state court system resolves the matter.) Therefore, the respondent need only enter an appearance at this time. The case will be set for status in approximately 120 days.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

*Marvin E. Asper*